UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Crim. No. 2:11-cr-161-1 |
| KENNETH L. MILLER, | : | |
| Defendant. | : | |

**Memorandum and Order: Intent**

The Government has requested advance notice of the Court's intended jury instructions on intent in this case.

Defendant Kenneth L. Miller has been charged in a one-count indictment with aiding and abetting Lisa Miller[1] in the removal of a child from the United States with the intent to obstruct the lawful exercise of parental rights, in violation of sections 1204 and 2 of the United States Code. The Government expects to prove that Lisa Miller and her former civil union partner Janet Jenkins were engaged in a lengthy court battle over visitation rights with IMJ, a child born to Lisa Miller in 2002 during the period of her union with Jenkins. Litigation continued in Vermont and Virginia for several years, during which time Lisa Miller, who had been granted temporary legal and physical rights and responsibilities for IMJ, repeatedly ignored court-ordered visitation between IMJ and Jenkins. The Virginia Court of Appeals and the Virginia Supreme Court confirmed the Vermont

[1] Kenneth Miller and Lisa Miller are not related.

courts' jurisdiction over the issues of custody and visitation. In June 2007 the Vermont family court granted sole physical and legal custody of IMJ to Lisa Miller, subject to Jenkins's visitation rights, but warned Miller that continued interference with visitation could warrant a change in custody.

Lisa Miller did not comply with the family court's visitation order, nor did she permit Jenkins to see IMJ. Instead she took IMJ out of the country, first traveling by automobile to Canada, and then flying from Canada to Nicaragua. Some months later, when it was apparent that Lisa Miller had removed IMJ from the United States, the family court assigned sole physical and legal custody of IMJ to Janet Jenkins.

The Government expects to show that Kenneth Miller, a Mennonite pastor and resident of Virginia, acted to assist Lisa Miller in removing IMJ from the United States. He did so by contacting other members of the Mennonite community in Canada and in Nicaragua and arranging for Lisa and IMJ's travel to Nicaragua.

The Government anticipates that intent will be a key issue at trial. Having examined the Government's proposed instructions and the Defendant's objections, the Court advises the parties that it intends to instruct on intent as follows:

> The third element the government must prove beyond a reasonable doubt is that Lisa Miller acted with the intent to obstruct the lawful exercise of parental rights of Janet Jenkins. The term "parental rights"

> means the right to physical custody of the child. This includes the right to sole physical custody of the child, the right to joint physical custody of the child, and the right to visitation with the child. Those rights may arise by court order, legally binding agreements of the parties, or by operation of law. The term "obstruct" means to hinder or impede.
>
> To find that Lisa Miller acted with the intent to obstruct the lawful exercise of parental rights, you must find that she acted deliberately with the purpose of interfering with the parental rights of Janet Jenkins. You may consider all of the evidence of Lisa Miller's acts in determining whether the government has proven beyond a reasonable doubt that she acted with this intent.

The instruction essentially follows Instruction 42-20 of Sand's Modern Federal Jury Instructions. Leonard B. Sand, et. al. Modern Federal Jury Instructions 42-47 (2011).

The Government has argued that this crime may be committed with the intent to hinder the exercise of future parental rights, and that the jury instruction should reflect that concept. The Court disagrees. While it is likely that many if not most parental kidnapping offenses will affect the exercise of future or anticipated parental rights because the offending parent has removed the child in violation of existing rights, the statute criminalizes the intent generally to obstruct the lawful exercise of those existing parental rights. The Court believes that the Sand instruction adequately conveys the concept, without further specifying that the statute may be violated merely by removing one's future ability to exercise anticipated parental rights.

Kenneth Miller is charged with aiding and abetting Lisa Miller in the commission of the offense of international parental kidnapping. The Court intends to instruct on aiding and abetting as follows:

> Under the aiding and abetting statute, it is not necessary for the government to show that Kenneth Miller himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.
>
> Accordingly, you may find Kenneth Miller guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person, in this case Lisa Miller, actually committed the offense of international parental kidnapping, and that Kenneth Miller aided or abetted Lisa Miller in the commission of the offense.
>
> As you can see, the first requirement is that you find that another person, in this case Lisa Miller, has committed the crime of international parental kidnapping. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether Kenneth Miller aided or abetted the commission of that crime.
>
> In order to aid or abet another to commit a crime, it is necessary that a defendant knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed. A defendant need not know all of the details of the crime committed by the other person.
>
> To establish that Kenneth Miller knowingly associated himself with the crime of international parental kidnapping, the government must establish that he intended to obstruct the lawful exercise of parental rights.
>
> To establish that Kenneth Miller participated in the commission of the crime of international parental kidnapping, the government must prove that he engaged in some affirmative conduct or overt act for the specific purpose of bringing about the crime.
>
> The mere presence of a defendant where a crime is

> being committed, even coupled with his knowledge that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.
>
> To determine whether Kenneth Miller aided or abetted the commission of the crime of international parental kidnapping, ask yourself these questions:
>
> Did he participate in the crime charged as something he wished to bring about?
>
> Did he knowingly associate himself with the criminal venture?
>
> Did he seek by his actions to make the criminal venture succeed?
>
> If he did, then Kenneth Miller is an aider and abettor and therefore guilty of the offense. If, however, your answer to any one of these questions is "no," then Kenneth Miller is not an aider and abettor, and you must find him not guilty.

*See* Sand 11-4.

Although the Court has rejected the portion of the Government's proposed instruction concerning interference with the exercise of future parental rights, the Court reiterates that evidence of various individuals' attempts to thwart an anticipated transfer of physical and legal custody from Lisa Miller to Janet Jenkins remains relevant to the jury's determination of whether the essential elements of aiding and abetting an international parental kidnapping have been proven.

Dated at Burlington, in the District of Vermont, this 7th day of August, 2012.

/s/ William K. Sessions III_

William K. Sessions III
United States District Court