UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 2:11-cr-161-1 |
| | : | |
| KENNETH L. MILLER, | : | |
| Defendant. | : | |

**Memorandum and Order**

Defendant Kenneth L. Miller, convicted of aiding and abetting an international parental kidnapping, filed a timely motion for judgment of acquittal or in the alternative a new trial on September 11, 2012. ECF No. 81. His motion also seeks arrest of judgment on the ground that the Court does not have jurisdiction of the offense. Miller argues first that the government failed to prove venue at trial, reiterating arguments presented, argued and denied before and during trial. Next he argues that the government failed to prove his guilt beyond a reasonable doubt, again reiterating arguments presented, argued and denied before and during trial. Last he argues that the jury instructions were defective. For the reasons stated below, the motion is denied.

**I. Venue**

The Government alleged that 18 U.S.C. § 3238 provided for venue in the District of Vermont. The statute permits an indictment to be filed in the district in which the offender is first brought, in this case the District of Vermont, for the

trial of an offense begun or committed out of the jurisdiction of any particular State or district. 18 U.S.C. § 3238. The Court submitted the question of venue to the jury, instructing them in pertinent part that

> [i]f you find that the government has proved beyond a reasonable doubt all of the elements of the offense that I have described for you, you must also determine whether venue is appropriate in the District of Vermont. In this regard, the government must show by a preponderance of the evidence that the essential conduct of removing a child from the United States took place at least in an essential part outside the United States.

Jury Charge 20, ECF No. 70. The Court explained the basis for this instruction in its Memorandum and Order dated August 6, 2012, ECF No. 50. The government submitted sufficient evidence that an essential part of the essential conduct of removing a child from the United States took place outside the United States to allow the issue to be presented to the jury, and a reasonable jury could have concluded based on this evidence that the government had proved § 3238 venue by a preponderance of the evidence. Because the Court had jurisdiction over the offense, and a reasonable jury could have found that venue was proper under § 3238, neither an arrest of judgment nor a judgment of acquittal is warranted on the ground of improper venue.

## II. Sufficiency of the Evidence

Miller renews arguments he previously made: that he could not have aided and abetted an international kidnapping because it

2

was completely legal for Lisa Miller to travel to Nicaragua with her daughter; that the government failed to prove that he knew of Janet Jenkins's parental rights; that Janet Jenkins had no parental rights over IMJ in Virginia; and that the government failed to prove that he was aware that Janet Jenkins had any parental rights in Virginia.

A defendant moving for judgment of acquittal pursuant to Rule 29(c)(2) of the Federal Rules of Criminal Procedure bears the heavy burden of showing that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, when viewing the evidence in the light most favorable to the prosecution. *United States v. Desnoyers*, 637 F.3d 105, 109 (2d Cir. 2011); *see* Fed. R. Crim. P. 29(c)(2).

An individual with parental rights may commit an international kidnapping. *See, e.g.*, *United States v. Miller*, 626 F.3d 692, 690-91 (2d Cir. 2010) (A mother with legal custody who took her son into Canada to avoid allowing his father to have visitation with his son committed an international parental kidnapping). The issue is not whether it was legal for Lisa Miller to travel to Nicaragua with her daughter, but whether it was legal for Lisa Miller to remove IMJ from the United States with the intent to obstruct the lawful exercise of Janet Jenkins's parental rights. The government presented evidence at trial that Kenneth Miller and Tim Miller helped Lisa Miller and

3

IMJ to travel from Virginia to Nicaragua. The government also presented evidence that a Vermont court had awarded Janet Jenkins visitation rights, that Virginia courts had determined that the Vermont court's order must be accorded full faith and credit, and that Lisa Miller intended to prevent Janet Jenkins from seeing their child. Reasonable jurors could conclude that Kenneth Miller aided and abetted Lisa Miller to remove IMJ from the United States with the intent to obstruct the lawful exercise of Janet Jenkins's parental rights.

As the Court discussed in its August 7, 2012, Memorandum and Order on the issue of intent, to convict Kenneth Miller as an aider and abettor the government did not need to prove that he knew of Janet Jenkins's specific parental rights in Vermont or in Virginia. The government had to prove that Kenneth Miller knowingly associated himself with Lisa Jenkins's scheme to avoid complying with the Vermont court's orders to allow Janet Jenkins to see her daughter, and that he participated in that scheme. Mem. & Order: Intent 4-5, ECF No. 55. The government presented evidence that Janet Jenkins had parental rights at the time of IMJ's removal from the United States, that Lisa Miller intended to commit the crime of international parental kidnapping, and that Kenneth Miller was aware of her intent and intended to assist her in that venture. Reasonable jurors could conclude from this evidence that Kenneth Miller was guilty of aiding and

4

abetting the crime of international parental kidnapping.  *See United States v. Huezo*, 546 F.3d 174, 179,-80 (2d Cir. 2008) ("To convict a defendant of aiding and abetting a given crime, the government must prove 'that the underlying crime was committed by a person other than the defendant, that the defendant knew of the crime, and that the defendant acted with the intent to contribute to the success of the underlying crime.'") (quoting *United States v. Reifler*, 446 F.3d 65, 96 (2d Cir. 2006)).

As the Court discussed and held in its Memorandum and Order dated August 10, 2012, "As a matter of law, as of September 2009, Janet Jenkins had parental rights according to the law in force in Virginia.  The jury will be instructed that the Rutland, Vermont family court's orders regarding custody and visitation defined parental rights in this case."  Mem. & Order 4, ECF No. 65.  Although Miller has argued repeatedly and strenuously that Janet Jenkins had no parental rights with respect to IMJ in Virginia, he is wrong as a matter of law.  Virginia was certainly the state of IMJ's habitual residence at the time she was removed from the country.  If, as Miller contends, Janet Jenkins's parental rights must be determined by Virginia law, Virginia law has repeatedly confirmed that Janet Jenkins has parental rights with respect to IMJ.  *See Miller-Jenkins v. Miller-Jenkins*, 637 S.E.2d 330, 338 (Va. App. 2006); *accord Miller v. Jenkins*, No. 0705-09-4, 2010 WL 605737 at *3 (Va. App. Feb. 23, 2010).

**III. Jury Instructions**

The Court considered and rejected Miller's requested instruction on parental rights, good faith and venue. It adheres to its earlier rulings.

For the reasons above-stated, the Defendant's Motion for Acquittal or Motion for a New Trial, ECF No. 81, is **denied.**

Dated at Burlington, in the District of Vermont, this 5th day of March, 2013.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge